### NEWCOM v. FORD. (No. 2280.)

(Court of Civil Appeals of Texas. Texarkana. May 20, 1920.)

1. **Gifts ☞34—Conditional promise to give not enforceable.**

A conditional promise to give a thing or forgive a debt is not enforceable.

2. **Contracts ☞147(1) — Nature determined with reference to intention.**

The nature of a transaction should be determined with reference to the intention of the parties.

3. **Vendor and purchaser ☞50—Deed and purchase-money note to be construed together.**

Where a note constituted the consideration for a deed, the deed and note should be construed as if they were parts of one and the same instrument.

4. **Gifts ☞5(2)—Evidence held to show sale of land and not a gift.**

Where land was conveyed and a note taken for the price and the deed contained a recital that if the grantor died before the note was due then he willed the note to the grantee, the transaction was not a gift of the land or of the note to the grantee, but a sale of the land and an agreement to pay therefor conditioned on the grantor living until maturity of the note.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

This was a suit by Mrs. Lula P. Newcom, as administratrix of the estate of J. E. Ford, deceased, against Charlie Ford, to recover the amount of a promissory note made by the latter, dated August 21, 1915, whereby he undertook three years thereafter to pay to said J. E. Ford or order $525. It appeared from recitals in the note that it was for the purchase money of 11¼ acres of land conveyed by the payee to the maker thereof, and that a vendor's lien had been retained on the land to secure its payment. The suit was to foreclose that lien also. In his answer Charlie Ford alleged that—

The deed made to him "provides that, if J. E. Ford should die before the note became due, then the note was to be willed or given by J. E. Ford to this defendant; that J. E. Ford died on 3d day of July, 1918, and note became due on 21st day of August, 1918, after the death of J. E. Ford. Wherefore the note sued on became the property of the defendant and became canceled."

The trial was to the court without a jury. It appeared from a recital in the deed from J. E. Ford to Charlie Ford admitted in evidence that the consideration therefor was the note sued on, and the deed contained another recital as follows:

"If I die before this note is due then I will it my nephew Chas. Ford."

The appeal is from a judgment that the administratrix take nothing by her suit.

John W. Scott and Wm. Lane, both of Marshall, for appellant.

Geo. Prendergast, of Marshall, for appellee.

WILLSON, C. J. (after stating the facts as above). [1-4] As we view the record, the judgment is not erroneous unless it is true, as appellant insists it is, that the provision in the deed to appellee set out in the statement above in its legal effect was a mere promise of J. E. Ford if he died before the note matured to give it to appellee. Of course, if that was the effect of the provision, the judgment is wrong, for a conditional promise to give a thing or "forgive" a debt is not enforceable. 12 R. C. L. 832, 944, 950. But we do not agree that was the effect of the provision. The nature of the transaction should be determined with reference to the intention of the parties, and in determining that the deed and note should be construed as if they were parts of one and the same instrument. Dunlap's Adm'r v. Wright, 11 Tex. 598, 62 Am. Dec. 506. So construing them it is reasonably plain, we think, that the transaction was a sale of the land by J. E. Ford and not a gift thereof or of the note to appellee. What J. E. Ford agreed to do was to convey the land to appellee; and what appellee agreed to do was not unconditionally to pay said Ford any sum of money for the land, but to pay him $525 therefor if said Ford was alive three years from the date of the deed. It is clear, we think, that said Ford did not expect appellee to pay, and that appellee did not expect to pay anything for the

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

land if said Ford should not live as long as three years. For aught the record shows to the contrary, appellee may not have been willing to bind himself unconditionally to give as much as $525 for the land, and may have been induced solely by the agreement that he need not pay anything for it if J. E. Ford died within three years to bind himself to pay said sum for it if said Ford lived that long.

The judgment will be affirmed.